# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Strike 3 Holdings, LLC,                      Civil No. 18-774 (DWF/DTS)

           Plaintiff,

v.                                                  **ORDER**

John Doe, subscriber assigned IP address
66.41.66.112,

           Defendant.

This matter is before the Court on Plaintiff Strike 3 Holdings, LLC's objection (Doc. No. 14) to Magistrate Judge David T. Schultz's April 30, 2018 Order (Doc. No. 13). Normally, the Court modifies or sets aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Here, Plaintiff's *ex parte* motion seeks leave to serve a subpoena under Federal Rule of Civil Procedure 45 to learn the identity of the Defendant. This information can only be provided by Defendant's Independent Service Provider ("ISP"), and without this information, Plaintiff will be unable to pursue this

case. Because of the dispositive nature of the Magistrate Judge's Order, Plaintiff argues that the Order should be reviewed *de novo*.[1] The Court agrees, but notes that the result would be the same under either standard of review.

Plaintiff owns and distributes adult motion pictures over the internet. Plaintiff alleges that the unnamed Defendant, a subscriber with an identified internet protocol ("IP") address, infringed Plaintiff's copyrights by downloading and distributing 59 of Plaintiff's motion pictures. Plaintiff asserts that the only way to identify Defendant is by his or her IP address. Accordingly, Plaintiff filed an *ex parte* motion for leave to serve a third-party subpoena on Defendant's ISP, Comcast Cable Communications, LLC ("Comcast"), prior to the Rule 26(f) conference. (Doc. No. 4.)

The Magistrate Judge denied Plaintiff's motion and in his Order recognized a conflict between the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, the Communications Act, 47 U.S.C. § 551, and Federal Rule of Civil Procedure 45. The Magistrate Judge concluded that a conflict between the relevant statutes compels the denial of Plaintiff's *ex parte* motion. In reaching this conclusion, the Magistrate Judge weighed Plaintiff's property interest against Defendant's privacy interest and found that the discovery sought directly collides with federal privacy protections.

---

[1] "Any pretrial matter properly referred to a magistrate judge must be categorized under Rule 72 as either 'dispositive' or 'nondispositive' for purposes of the standard of review to be exercised by the district judge." C. Wright, A. Miller, FEDERAL PRACTICE AND PROCEDURE § 3068.2 (2d ed. 2018).

Plaintiff objects to the Magistrate Judge's Order, arguing that it gives undue weight to Defendant's privacy based on a misreading of the Communications Act. Instead, Plaintiff submits that the Communications Act permits a subpoena to identify the Defendant, pointing to an exception that allows for the release of subscriber information:

> Except as provided in paragraph (2), a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator.
>
> (2) A cable operator may disclose such information if the disclosure is—
>
> …
>
> (B) . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

47 U.S.C § 551(c)(1) & (c)(2). Plaintiff also cites to cases where courts have authorized subpoenas pursuant to court orders under the Communications Act and suggests that, considering the sensitivity of the content of Plaintiff's motion pictures, the Court should issue a protective order similar to the one issued by Magistrate Judge Thorson in *Strike 3 Holdings, LLC v. Doe*, Civ. No. 18-777 (JRT/BRT), 2018 WL 2078707, at *4 (D. Minn. May 4, 2018).

Generally, parties "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), . . . except when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). District courts in the Eighth Circuit have applied a "good cause" standard to determine whether expedited discovery is

3

appropriate. *See Wachovia Sec. v. Stanton*, 571 F. Supp. 2d 1014, 1049 (N.D. Iowa 2008). Courts consider the following factors when deciding whether to permit early discovery to identify an alleged anonymous copyright infringer:

> (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy.

*Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010).

Courts in this District have been divided on the propriety of early discovery in cases similar to this one. *Compare Strike 3 Holdings, L.L.C. v. Doe*, Civ. No. 18-773 (JRT/DTS), slip op. at 7 (D. Minn. Apr. 30, 2018) (denying motion for leave to serve a third-party subpoena) (Schultz, Mag. J.), *appeal filed* (May 11, 2018), *and Strike 3 Holdings, L.L.C. v. Doe*, Civ. No. 18-768 (DSD/FLN), 2018 WL 1924455, at *3 (D. Minn. Apr. 24, 2018) (same) (Noel, Mag. J.), *with Strike 3 Holdings, L.L.C. v. Doe*, Civ. No. 18-777 (JRT/BRT), 2018 WL 2078707, at *1-3 (D. Minn. May 4, 2018) (finding good cause under *Arista Records* factors to allow early discovery) (Thorson, Mag. J.), *Strike 3 Holdings, LLC v. Doe*, Civ. No. 18-771 (DWF/HB), 2018 WL 2278110, at *5 (D. Minn. May 18, 2018) (Bowbeer, Mag. J.) (granting *ex parte* motion for leave to file a third-party subpoena; applying *Arista Records* factors and finding good cause to allow early discovery), *Strike 3 Holdings, LLC v. Doe*, Civ. No. 18-778 (PJS/HB), 2018 WL 2278111, at *5-6 (D. Minn. May 18, 2018) (Bowbeer, Mag. J.) (granting motion for third-party subpoena with procedural safeguards); *Strike 3 Holdings, LLC v. Doe*, Civ.

4

No. 18-779 (WMW/SER), slip op. at 8-10 (D. Minn. May 25, 2018) (Rau, Mag. J.) (granting motion for third-party subpoena with procedural safeguards).

After careful consideration, the Court concludes that the best approach in determining whether to grant Plaintiff's *ex parte* motion and allow early discovery is to use the framework laid out in *Arista Records*. Based on those factors, the Court grants Plaintiff's motion. First, Plaintiff has stated an actionable claim for copyright infringement. Second, Plaintiff's discovery request is specific because it seeks only Defendant's name and address. Third, there are no alternative ways to obtain the information. The Court acknowledges that Comcast is a mere conduit of data between two internet users, and, as such, the DMCA does not authorize a subpoena to identify the alleged infringer.[2] However, the DMCA does not *prohibit* the issuance of a subpoena,

---

[2] In *In re Charter Communications*, the Eighth Circuit considered whether "the enforcement of a § 512(h) subpoena violates the privacy protections for cable subscribers in the Communications Act" and explained that the provision "does not allow a copyright owner to request a subpoena for an ISP which merely acts as a conduit for data transferred between two internet users." 393 F.3d 771, 775-77 (8th Cir. 2005). Importantly, however, the Eighth Circuit went on to endorse the procedure employed by Plaintiff in this case, noting that:

> copyright owners cannot deter unlawful peer-to-peer file transfers unless they can learn the identities of persons engaged in that activity. However, organizations . . . can also employ alternative avenues to seek this information, such as "John Doe" lawsuits. In such lawsuits, many of which are now pending in district courts across the country, organizations . . . can file a John Doe suit, along with a motion for third-party discovery of the identity of the otherwise anonymous "John Doe" defendant.

*Id*. at 775 n.3.

and Rule 45 remains an avenue for such discovery. *See Strike 3 Holdings, L.L.C.*, 2018 WL 2078707, at *2; *Strike 3 Holdings, LLC*, 2018 WL 2278119, at *4.[3] And as explained above, Rule 26(d)(1) permits the Court to authorize early discovery provided good cause is shown. Fourth, without the information on Defendant's identity, the case cannot proceed. Fifth, the Court concludes that Defendant's expectation of privacy is outweighed by Plaintiff's right to use the judicial process to pursue its copyright claims. That being said, the Court is cognizant of Defendant's privacy concerns, namely that the owner of the cited IP address may not be the actual infringer and yet could be implicated in a case involving sensitive subject matter. With these valid concerns in mind, the Court will issue a limited protective order to protect the rights of the unnamed subscriber.

Based on the Court's review, both under a *de novo* review and the more deferential clearly erroneous or contrary to law standard, the Court finds that consideration of the *Arista Records* factors shows good cause for the early discovery requested by Plaintiff. The Court also recognizes the unique privacy issues in this case and determines that it is appropriate to grant a limited protective order as described below to protect the owner of the IP address. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff Strike 3 Holdings, LLC's appeal (Doc. No. [14]) of Magistrate Judge David T. Schultz's April 30, 2018 Order is **GRANTED**.

---

[3] The Court also notes that although the Communications Act prohibits a cable operator from disclosing a subscriber's personally identifiable information, it also provides an exception when the disclosure is made pursuant to a Court order and the subscriber is notified. 47 U.S.C. § 551(c)(2)(B).

2. Magistrate Judge David T. Schultz's April 30, 2018 Order (Doc. No. [13]) is **VACATED**.

3. Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (Doc. No. [4]) is **GRANTED** as follows:

    a. Plaintiff may serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Defendant's ISP, Comcast Cable Communications, LLC, seeking the name and address of the subscriber assigned to the IP address identified in the Complaint for the time periods of the alleged infringing activity outlined in Doc. No. 1-1, Exhibit A to Plaintiff's Complaint.

    b. The subpoena must provide a minimum of sixty (60) days' notice before any production and shall be limited to one category of documents identifying the particular subscriber identified in the Complaint. The requested information shall be limited to the name and address of the subscriber during the time period of the alleged infringing activity referenced in the Complaint. Comcast may seek a protective order if it determines there is a legitimate basis for doing so.

    c. Comcast shall have fourteen (14) calendar days after service of the subpoena to notify the subscriber that his or her identity has been subpoenaed by Plaintiff. The subscriber whose identity has been

subpoenaed shall then have forty-five (45) calendar days from the date of the notice to seek a protective order or file any other responsive pleading.

  d.  Plaintiff shall serve a copy of this Order with any subpoena obtained and served pursuant to this Order to Comcast. Comcast, in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order. No other discovery is authorized at this time.

  e.  Plaintiff must not publicly disclose the information until Defendant has the opportunity to file a motion with the Court to be allowed to proceed in this litigation anonymously and that motion is ruled on by the Court. If Defendant fails to file a motion for leave to proceed anonymously within forty-five (45) calendar days after his or her information is disclosed to Plaintiff's counsel, this limited protective order will expire. If Defendant includes identifying information in his or her request to proceed anonymously, the Court finds good cause to order the papers temporarily filed under seal until the Court has the opportunity to rule on the request and to consider whether such materials should remain under seal.

f. On or before December 1, 2018, Plaintiff shall file a Status Report with the Court briefly outlining the progress of the discovery authorized by this Order. The Status Report must not include any identifying information.

Dated: September 4, 2018    s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge